IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                  No. 20-CV-454

$9,950.00 IN UNITED STATES CURRENCY,
$2,000.00 IN UNITED STATES CURRENCY, and
$1,243.00 IN UNITED STATES CURRENCY,
    Defendants,

and

ROBERT PADILLA,
    Claimant.

## MOTION TO DISMISS VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Claimant, Robert Padilla, through counsel, ROMERO & WINDER, P.C. (Joe M. Romero, Jr.), hereby moves the Court for an Order, pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P.Supp.R. G(8)(b)(i), dismissing Plaintiff United States of America's Verified Complaint for Forfeiture *In Rem* on the grounds that the Complaint fails to state a claim upon which relief can be granted..

## APPLICABLE STANDARD

*A.  The Complaint is Subject to Heightened Pleading Requirements*

The Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") provide the pleading standard for this action. Under Supplemental Rule E, which applies to an action *in rem*, "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed.R.Civ.P.Supp.R. E(2)(a).

Further, Supplemental Rule G requires that a complaint for civil forfeiture must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed.R.Civ.P.Supp.R. G(2)(f).[1] That is, sufficiently detailed facts to support a reasonable belief that the Government will be able "to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1).

Thus, the Supplemental Rules impose a more stringent standard than the pleading requirements of Rule 8-a heightened particularity-in-pleading requirement. *United States v. All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d 1, 16 (D.D.C. 2008)("The Court agrees with Claimants that Rule G (and its predecessor Rule E(2)) creates a heightened burden for pleading on the plaintiff."); *United States v. Daccarett*, 6 F.3d 37, 47 (2d Cir. 1993)("These standards [under the Supplemental Rules] are more stringent than the general pleading requirements set forth in the Federal Rules of Civil Procedure, an implicit accommodation to the drastic nature of the civil forfeiture remedy.")(internal citation omitted); *United States v. Real Property Located at 2323 Charms Road, Milford Tp., Oakland*, 946 F.2d 437, 440-41 (6th Cir. 1991). This heightened standard is "an implicit accommodation to the drastic nature of the civil forfeiture remedy." *Daccarett*, 6 F.3d at 47; *see also All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d at 16 ("The additional burden of pleading requiring 'added specifics is thought

---

[1] 1 Rule G(2), added in the 2006 amendments, did not change the pleading standard, but rather "carries the forfeiture case law forward without change." Fed.R.Civ.P.Supp.R. G advisory committee's note; see also *United States v. All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d 1, 16 (D.D.C. 2008) ("The Advisory Committee's Note clarifies that it adopts the standard that evolved in case law interpreting the earlier Rule E(2)(a) requirement and is intended to 'carr[y] forward this forfeiture case law without change.' ... The Court agrees with Claimants that Rule G (and its predecessor Rule E(2)) creates a heightened burden for pleading on the plaintiff.").

appropriate because of the drastic nature of those remedies. Thus, it fortifies the procedural-due-process protections against improper use of these remedies.'")(*quoting* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3242 (2d ed. 1997)); *United States v. 40,000.00 in U.S. Currency*, 2010 WL 2330353, at *2 (W.D.N.C. May 11, 2010)("Because civil forfeiture *in rem* provides the government with a powerful tool to effectuate an immediate deprivation of property (subject to later judicial review), pleading requirements under the Supplemental Rules are more stringent than the general pleading requirements found in the Federal Rules of Civil Procedure.")

### B. The Plausibility Standard also Applies to the Complaint

In addition, the complaint must also conform to the Supreme Court's plausibility standard. It is no longer the case that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Rather, to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

In considering a 12(b)(6) motion to dismiss, the court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d

3

at 1177. For the reasons set forth herein, Plaintiff's Complaint is subject to dismissal under the standard outlined above.

## FACTS ALLEGED

Plaintiff's Complaint alleges the $9,950.00 and $1,243.00 seized were subject to forfeiture as "…moneys…furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." Cmplt. at ¶¶ 15-16.

The sum total of the basis for the government's claim is: Mr. Padilla has been arrested and charged with violations of the Controlled Substances Act and some of Mr. Padilla's money was seized. Cmplt. ¶¶7-13. The pleading falls short of the applicable standards for a civil complaint brought before this Court. It is not sufficient to say: Mr. Padilla is charged with dealing drugs and he had some money. As set forth herein, the pleading must demonstrate that it is plausible—not just possible—that Plaintiff will prevail in this action.

## ARGUMENTS AND AUTHORITIES

**A. *The Complaint Must Allege Facts that Demonstrate that the Government Can Meet The Post-CAFRA Standard.***

The facts produced at a forfeiture proceeding must constitute preponderance of the evidence that the *res* is subject to forfeiture. 18 U.S.C. 983(c)(1). This determination is a question of law, which is subject to *de novo* review. *United States v. $149,442.43*, 965 F.2d 868, 876 (10th Cir.1992); *United States v. $84,615.00 in U.S. Currency*, 379 F.3d 496, 501 (8th Cir.2004). The Complaint must provide more than naked assertions without further factual enhancement. *Iqbal*, 556 U.S. at 883-884 (internal quotations and citations omitted). It must plead "something

beyond…mere possibility." *Id*. at 556-57. Nothing in Plaintiff's Complaint demonstrates anything more than the fact that Plaintiff has been charged with a crime and possessed some money. Under the *Twombly/Iqbal* pleading standard, Plaintiff's Complaint must fail—particularly given the higher burden of proof placed upon the government since 2000 by the Civil Asset Forfeiture Reform Act (CAFRA).

Prior to 2000, the government was only required to prove, by a preponderance of the evidence, that there was probable cause to believe that funds were subject to forfeiture. More specifically, before CAFRA, section 1615 required that: (1) the government show that probable cause existed to institute a forfeiture action and (2) that the claimant then prove, by a preponderance of the evidence, that the property **was not subject to forfeiture**. *5208 Los Franciscos Way*, 385 F.3d at 1193(emphasis added). By placing the burden of proof on the claimant, §1615 allowed the government to seize property based on nothing more than its initial showing of probable cause in many cases. 146 Cong. Rec. H2040–01, 2051 (daily ed. Apr. 11, 2000)(statement of Rep. Jackson–Lee). Motivated by a concern that this denied citizens due process, Congress passed CAFRA in 2000. *Id*. CAFRA sets forth the burden shifting analysis for civil forfeiture actions commenced on or after August 23, 2000. 18 U.S.C. § 983.

In those post-2000 forfeiture cases, and pursuant to the Civil Asset Forfeiture Reform Act (CAFRA), the burden is not on the Claimant. Instead, "in a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property, (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture..." 18 U.S.C. §983(c)(1). That burden is met when the factfinder is satisfied that the government's allegation is more likely true than not true. 29 Am.Jur.2d Evidence § 157.

Under CAFRA, the "burden of proof is on the Government to establish, by a

preponderance of the evidence, that the property is subject to forfeiture". 18 U.S.C. § 983(c). Rule G of the Supplemental Rules, adopted in 2006, governs the sufficiency of the complaint in a civil forfeiture action. *See* Supplemental Rule G(8)(b)(ii). Rule G provides that, "[t]he complaint must...(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *Id*. at 2(f). The heighten pleading standard announced under *Twombly* and *Iqbal* apply to civil forfeiture cases. *Iqbal* at 1949("Our decision in *Twombly* expounded the pleading standard all civil actions….")(internal quotations and citations omitted).

In addition to *Twombly* and *Iqbal*, Complaints in civil forfeiture actions must comply with the pleading requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rule G(2) requires, among other things, that the Complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Rule G(2)(f). Thus, the standard to be applied in a civil forfeiture Complaint is more stringent than the notice pleading requirement called for by the Rules of Civil Procedure.

In this case, the government did not even allege facts that could possibly, much less plausibly, allow it to meet that standard. *See, e.g., In re Forfeiture of $180,975*, 478 Mich. 444, 734 N.W.2d 489 (2007)("A preponderance of the evidence, not probable cause for seizure, was correct burden of proof in proceeding for civil forfeiture of drug-related cash.") As a result of the lack of sufficient allegations in the Complaint, the Complaint should be dismissed.

**B.    Plaintiff's Complaint Is Insufficient and Must Be Dismissed Pursuant To Fed.R.Civ.P. 12(B)(6) And Fed.R.Civ.P.Supp.R. G(8)(b)(i)**

To determine whether a complaint is sufficient, the court first identifies mere legal conclusions within the complaint and disregards them because they are "not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1949-51. Second, the court is to take the remaining well-pleaded and non-conclusory factual allegations and determine whether those allegations, standing alone, suffice to state a plausible claim for relief. *Id*.

While a court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, mere conclusory allegations without supporting factual averments are not sufficient to state a claim upon which relief can be granted. *Riddle v. Mondragon*, 83 F. 3d 1197, 1202 (10th Cir. 1996). In other words, when reviewing the legal sufficiency of the Complaint under Rule 12(b)(6), a court need not accept the plaintiff's conclusory allegations as being true. *E.F.W. v. St. Stephen's High School*, 264 F.3d 1297, 1306 (10th Cir. 2001).

Applying this approach, the Complaint seeking forfeiture of the defendants *in rem* clearly fails to satisfy the legally required pleading standards. As shown below, the Complaint is based solely upon conclusory allegations that the money possibly came from unlawful activity. The complaint fails to provide the requisite facts to support a reasonable belief that the government will be able to meet its burden. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(6).

Furthermore, when examined in light of the Supplemental Rule's requirements of "particularity" in "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" - "to establish, by a preponderance of the evidence, that the property is subject to forfeiture," it is clear that the Complaint in this case fails. Even the less stringent pleading standard must "give the defendant fair notice of what the...claim

is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (ellipsis in original)(*quoting Conley v. Gibson*, 355 U.S. at 47). Thus, a pleading that offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or one that sets forth "'naked assertions' devoid of 'further factual enhancement,'" does not pass muster. *Iqbal*, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

In *Twombly*, the United States Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8(a)(2) requires that a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, "the plaintiff must still allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

A complaint is also insufficient if it merely leaves "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 550 U.S. at 561. While there is no probability requirement at the pleading stage, "something beyond…mere possibility…must be alleged." *Id*. at 556-57. Here, Plaintiff's Complaint is devoid of the specific facts that would establish any connections justifying the forfeiture of Claimant's funds. If the facts alleged were sufficient then literally anyone who knew anyone else involved in illegal activity and also deposited round sums into a bank account would be subject to the seizure of her funds.

### C. Application of the Required Plausibility Standard Demonstrates that the Government's Complaint Cannot Survive

The Complaint does not allege that Claimant was surveilled conducting illegal transactions in which he received the monies at issue. Indeed, the only allegation that the funds at issue in this case are subject to forfeiture is the bare conclusory statement that Mr. Padilla owned the money and Mr. Padilla has been charged with drug trafficking. This bare conclusory claim completely fails to meet the minimum requirements of Rule 12(b)(6). The allegations allege no actual link between the money seized and any illegal activity. "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d at 1177. The government has not met its burden under 12(b)(6) and its Complaint must be dismissed. Plaintiff's Complaint wholly fails to state facts sufficient to support a claim for relief under 18 U.S.C. § 981(a)(1)(A); 18 U.S.C. § 981(a)(1)(A) or 21 U.S.C. § 881(a)(6) and is therefore subject to dismissal under Rule 12(b)(6).

### CONCLUSION

The Complaint lacks sufficient well-pled and non-conclusory particularized factual allegations. The Complaint fails to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial," especially as to the elements of the criminal statutes and civil forfeiture statutes that the Government alleges, in mere conclusory form, justify the forfeiture. Dismissal is the appropriate remedy.

**WHEREFORE**, Claimant Robert Padilla respectfully requests that the Complaint in the above captioned case be dismissed, that his funds be returned to him, that he be awarded costs and fees pursuant to CAFRA, and the Court grant such further relief as it deems necessary and

advisable.

                              Respectfully Submitted
                              ROMERO & WINDER, P.C.

By:    */s/ "Electronically filed" 7/22/20*
        Joe M. Romero, Jr.
        Attorney for Defendant Padilla
        1905 Lomas Blvd. NW
        Albuquerque, NM 87104
        (505) 843-9776
        joe@romeroandwinder.com

This will certify that a true and correct copy of the foregoing was delivered via the Court's electronic filing system to counsel for the government and counsel for all co-defendants on the date indicated in the court-affixed header.

/s/ *"Electronically Filed"*
Joe M. Romero, Jr.