# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
       **Plaintiff,**

vs.                      No. 20-CV-454

$9,950.00 IN UNITED STATES CURRENCY,
$2,000.00 IN UNITED STATES CURRENCY, and
$1,243.00 IN UNITED STATES CURRENCY,
       **Defendants,**

*and*

ROBERT PADILLA,
       **Claimant.**

## ANSWER BY CLAIMANT TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

  Claimant, Robert Padilla, through counsel, ROMERO & WINDER, P.C. (Joe M. Romero, Jr.), hereby submits her Answer to the Verified Complaint for Forfeiture *In Rem*. For his Answer, Claimant states:

  1. As to paragraph 1 of the Complaint, Mr. Padilla admits that this is a forfeiture action, but denies that a) $9,950.00 in U.S. currency or b) $1,243.00 is subject to forfeiture. With regard to the $2,000.00 that the government seeks to forfeit, Mr. Padilla is not the owner of said funds and therefore can neither admit or deny that the $2,000.00 is subject to forfeiture.

  2. As to paragraph 2 of the Complaint, Mr. Padilla admits that the amounts that the government seeks to forfeit are $9,950.00; $2,000.00; and $1,243.00.

  3. As to paragraph 3 of the Complaint, Mr. Padilla admits that the amounts in controversy were seized by the Drug Enforcement Administration (hereinafter "DEA").

  4. As to paragraph 4 of the Complaint, Mr. Padilla admits that the subject monies are within the jurisdiction of this Court.

  5. As to paragraph 5 of the Complaint, Mr. Padilla admits that the Court has subject

matter jurisdiction over this matter.

6. As to paragraph 6 of the Complaint, Mr. Padilla admits that venue is proper in this Court.

7. As to paragraph 7 of the Complaint, Mr. Padilla admits the content therein.

8. As to paragraph 8 of the Complaint, Mr. Padilla admits the content therein.

9. As to paragraph 9, Mr. Padilla objects to the format of the Complaint in that it makes two separate factual claims within the same numbered paragraph. Mr. Padilla admits that the $9,950.00 belonged to him. He admits that the $9,950 was in the possession of Sharlett Martinez when the DEA took the money. He admits that he has been charged with violations of the Controlled Substances Act. Mr. Padilla denies that there is any connection between the money that was taken and his indictment.

10. As to paragraph 10, Mr. Padilla admits that ninety percent of all U.S. currency has cocaine on it. See, e.g., https://www.nytimes.com/2009/08/18/science/18obcoke.html and https://www.nationalgeographic.com/science/2009/08/cocaine-on-money-drug-found-on-90-of-us-bills/. Mr. Padilla denies having contaminated the money himself. To the extent that the allegation made in paragraph 10 seeks to insinuate that the $9,950.00 had *more* than the average amount of cocaine on it or that Mr. Padilla *caused* the money to have cocaine residue on it, the allegation is denied.

11. As to paragraph 11, Mr. Padilla admits that a search warrant was executed at the specified address. He admits that a 2008 GMC Yukon was taken from the property. The allegation that the vehicle was used in drug trafficking is not relevant to the seizure of Mr. Padilla's money found in the vehicle. Mr. Padilla denies that the $1,243.00 found in his vehicle was the proceeds of any unlawful narcotics transaction.

12. As to paragraph 12 of the Complaint, Mr. Padilla states that the Nissan Armada towed at the request of the DEA was not his property and anything found therein did not belong to Mr. Padilla.

13. As to paragraph 13 of the Complaint, Mr. Padilla reiterates his admission that ninety percent of all U.S. currency has a detectable amount of cocaine residue on it. Mr. Padilla denies the insinuation that the money had more cocaine residue on it than would be found on any currency circulating in the U.S. Mr. Padilla, however, did not own the vehicle or the $2,000.00 found therein and therefore cannot admit or deny the allegations made in this paragraph.

14. As to paragraph 14 of the Complaint Plaintiff states that this recitation requires no admission or denial.

15. As to paragraph 15, Mr. Padilla admits that that statute cited exists and includes the language described.

16. As to paragraph 16 of the Complaint, with regard to the $9,950.00 and $1,243.00 that belonged to him, Mr. Padilla denies that claim that the money was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act. Mr. Padilla also denies that the $9,950.00 or the $1, 243.00 is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

**AFFIRMATIVE DEFENSES**

17. As a separate and independent defense, Mr. Padilla asserts that the forfeiture is grossly disproportional to the offense and therefore the Court must reduce or eliminate the forfeiture in order to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution.

18. As a separate and independent defense, Mr. Padilla asserts that he is an innocent

owner whose interest is protected under 18 U.S.C. § 983(d).

19. As a separate and independent defense, Mr. Padilla asserts that the all or a portion of the $9,950.00 and the $1,243.00 that the government seeks to forfeit in this case was seized by state, county, or municipal law enforcement or, alternatively was discovered by state, county, or municipal law enforcement and was unlawfully turned over to the DEA in contravention to New Mexico law and, as such, the Complaint should be dismissed based upon the doctrine of unclean hands.

20. As a separate and independent defense, Mr. Padilla asserts that Plaintiff knew or through the exercise of reasonable diligence should have known that the currency in question was not subject to forfeiture as it was the proceeds of lawful business transactions.

21. As a separate and independent defense, Mr. Padilla asserts that the Complaint fails to state a claim upon which relief may be granted, fails to allege sufficient facts to permit the government to proceed, and fails to meet the plausibility standard required of pleadings filed in any federal court by any litigant. The Complaint is barred under Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P.Supp.R. G(8)(b)(i).

**WHEREFORE**, Claimant prays:

1. That this action be dismissed with prejudice;

2. That Mr. Padilla's property is returned;

3. That Mr. Padilla be awarded interest pursuant to 28 U.S.C.A. § 2465 (b)(1);

4. That Mr. Padilla be awarded reasonable attorney's fees pursuant to 28 U.S.C. § 2465 (b)(1); and

5. For such other and further relief as may be deemed just and equitable.

## JURY DEMAND

Claimant hereby demands trial by jury on all issues

                                            Respectfully Submitted
                                            ROMERO & WINDER, P.C.

By: */s/ "Electronically filed" 7/22/20*
Joe M. Romero, Jr.
Attorney for Defendant Padilla
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776
joe@romeroandwinder.com

This will certify that a true and correct copy of the foregoing was delivered via the Court's electronic filing system to counsel for the government and counsel for all co-defendants on the date indicated in the court-affixed header.

/s/ "*Electronically Filed*"
Joe M. Romero, Jr.