**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.                                                                                      Civ. No. 1:20-cv-00454-SWS-MLC

$9,950.00 IN UNITED STATES CURRENCY,

$2,000.00 IN UNITED STATES CURRENCY,

$1,243.00 IN UNITED STATES CURRENCY,

    *Defendants-in-rem.*

and

ROBERT PADILLA,

    *Claimant.*

## UNITED STATES' RESPONSE TO CLAIMANT PADILLA'S MOTION TO DISMISS

      Claimant Robert Padilla has filed a motion to dismiss the complaint for forfeiture. (Doc. 3). He contends that the complaint fails to state a claim upon which relief can be granted. His motion is without merit for two reasons. First, claimant has failed to establish statutory standing to contest this action or move to dismiss. Second, the complaint sets forth a sufficient legal and factual basis for the relief sought. Accordingly, his motion should be denied.[1]

---

[1] The United States has filed a contemporaneous motion to strike Claimant Padilla's answer for for failure to file a claim as required by Supplemental Rule G(5)(a)(i). Pursuant to Supp. R. G(8)(c)(ii)(A), if the Government moves to strike an answer for failing to comply with Supp. R. G(5), the Government's motion "must be decided before any motion by the claimant to dismiss the action."

## I. INTRODUCTION AND FACTS

The United States filed a complaint for forfeiture *in rem* against the defendant property on May 12, 2020. (Doc. 1). The complaint seeks forfeiture, pursuant to 21 U.S.C. § 881(a)(6), of three sums of currency Drug Enforcement Administration (DEA) agents discovered during the execution of federal search and seizure warrants.

In relevant part, the complaint alleges as follows:

On August 15, 2019, agents with the DEA Region 1 Task Force executed a federal search and seizure warrant at the Best Western Plus Montezuma Inn & Suites, Room 310A, located at 2020 North Grand Ave, Las Vegas, New Mexico. Room 310-A was registered in the name of Sharlett M. Martinez. During the search, Special Agent Thomas Long discovered $9,950 in U.S. currency in Ms. Martinez's purse. Ms. Martinez told Agent Long that Robert Corbin Padilla had given her the money. Mr. Padilla had been indicted on drug trafficking charges. DEA TFO Jason D. Franklin deployed a canine trained and certified to detect the odor of illegal controlled substances. The canine alerted positively to the $9,950 in currency. (Doc. 1, ¶¶ 7-10).

On August 12, 2019, the DEA Group 3 Task Force, assisted by the Albuquerque Police Department, executed a federal search and seizure warrant at 8407 San Juan Road NE, Albuquerque, New Mexico, the residence of Robert Corbin Padilla, Agents removed a black 2008 GMC Yukon from the public roadway in front of the residence and transported it to the Albuquerque Office of the DEA for further inspection. The Yukon XL was registered to Robert Corbin Padilla, Agents discovered a bundle of U.S. Currency totaling $1,243.00 in the center console. The Yukon XL was used by Robert Corbin Padilla on March 30, 2019, and again on April 10, 2019, to facilitate the distribution of multiple controlled substances. (Doc, 1, ¶ 11). (Although inadvertently omitted from the complaint, DEA TFO Jason D. Franklin deployed a

canine trained and certified to detect the odor of illegal controlled substances. The canine alerted positively to the $1,243.00 in currency.).

Agents also discovered a bundle of currency totaling $2,000 in a 2008 Nissan Armada parked at Padilla's residence at 8407 San Juan Road NE. The trained and certified drug odor detection canine odor alerted positively to the $2,000 in currency. (Doc. 1, ¶ 12-13). Padilla is not claiming this currency. (Doc. 4, ¶ 13).

## II. NATURE OF ASSET FORFEITURE *IN REM*

This is an *in rem* civil asset forfeiture case. (Doc. 1). In such a case, the United States is the plaintiff, the property/asset is the defendant and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property. *United States v. $148,840 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1264 (11th Cir. 2006) (a civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the property); *United States v. All Funds in Account Nos. 747.034/278(Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protest his interest.").

## III. STANDING

### A. STANDING IS A THRESHOLD ISSUE

As an intervenor, Robert Padilla must establish that he has standing to contest the forfeiture. Standing is a threshold issue in every federal civil forfeiture case. *United States v. $148,840 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States*, 446 F.3d 1258, 1261 (11th Cir. 2006) (Standing "is the threshold question in every federal case, determining the power of the Court to entertain the suit"), *quoting*

*Warth v. Seldin*, 422 U.S. 490, 498 (1975); *United States v. $38,570 in U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir. 1992) (standing is a threshold question on which the claimant "bears the burden of demonstrating an interest in the seized item sufficient to satisfy the Court of his standing").

Article III standing and statutory standing are different things. *United States v. $148,840 in United States Currency*, 521 F.3d 1268, 1273, n.3 (10th Cir. 2008). Article III standing depends on the existence of a case or controversy. Statutory standing requires compliance with certain procedural imperatives. *Id., citing United States v. $8,221,877.16 in United States Currency,* 330 F.3d 141, 150, n.9 (3d Cir. 2003). Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions sets forth the procedural requirements for actions *in rem* arising from a federal statute. Supp.R. G(1).

### B. PERTINENT SUPPLEMENTAL RULE G PROVISIONS

Supplemental Rule G(5)(a)(i)(A)-(D) requires the filing a claim to contest a civil forfeiture action *in rem* and specifies what the claim must contain:

(a) **Filing a Claim.**

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A) identify the specific property claimed;
(B) identify the claimant and state the claimant's interest in the property;
(C) be signed by the claimant under penalty of perjury; and
(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). ....

Supp.R. G(8)(b)(i) provides that only a claimant who establishes standing to contest the forfeiture may move to dismiss the complaint under Rule 12(b). At any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6) or

4

because the claimant lacks standing. Supp.R. G(8)(c)(i)(A) and (B).  The government's motion to strike must be decided before any motion by claimant to dismiss the action. Supp.R. Rule G(8)(c)(ii)(A).

### C. ROBERT PADILLA LACKS STATUTORY STANDING TO CONTEST THIS ACTION AND TO MOVE FOR DISMISSAL OF THE COMPLAINT

To achieve statutory standing in the context of a civil forfeiture action, a claimant must comply with the all the pleading requirements of Supplemental Rule G(5). *See United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 n.3 (10th Cir. 2008); *United States v. $11,981.00*, No. 03-5679, 2007 WL 3037307, at *6 (E.D.Cal. Oct. 17, 2007) (failure to comply with Rule G(5) means that the claimant lacks standing). Padilla failed to file the claim required by Rule G(5)(a)(i)(A)-(D). Therefore, he lacks statutory standing to contest this action. *See United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 562-63 (8th Cir. 2014).

Supplemental Rule G(8)(b)(i) provides that only a claimant who establishes standing to contest the forfeiture may move to dismiss the complaint. Padilla lacks standing. Therefore, his motion to dismiss is improper. *See United States v. $417,143.78, more or less, in U.S. Currency,* 682 Fed. Appx. 17 (2nd Cir. 2017) (district court properly declined to consider motion to dismiss filed by claimant who filed a late, unverified claim; Rule G(8)(b) requires claimant to establish standing before he may file a motion to dismiss), *affirming United States v. $417,143.78, more or less, in U.S. Currency*, 2015 WL 5178121 (E.D.N.Y. Sept. 2, 2015); *United States v. Approximately $94,600 U.S. Currency,* 2015 WL 5254542, *9 (E.D. Wis. Sept. 9, 2015) (same); *United States v. Real Property Located at 5294 Bandy Road,* 2014 WL 5513748, *5 (D. Idaho Oct. 31, 2014) ("The court may consider the merits of the claimant's motion to dismiss the forfeiture action only if the claimant has standing;"); *United States v. Various Vehicles, Funds and Real Property Described in Attachment A*, 2011 WL 6012424, *4 (D.S.C. Oct. 25, 2011) (a

person may not file a motion to dismiss the complaint without first filing a claim and establishing statutory standing).

Contemporaneous with this response, the United States has filed a motion to strike Padilla's answer for failure to comply with Rule G(5). The government's motion must be decided before the claimant's motion to dismiss. Supp.R. Rule G(8)(c)(ii)(A).

## IV. THE COMPLAINT IN REM STATES A CLAIM FOR RELIEF

Supplemental Rule G(8)(b)(ii) provides that "the sufficiency of the complaint is governed by Rule G(2)." Supplemental Rule G(2) sets forth what a civil forfeiture complaint must contain. Among other things, the complaint must describe the property subject to forfeiture, set forth the basis for jurisdiction and venue, name the statutory authority on which the forfeiture action is based, and "state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial." Rule G(2)(a)-(f). The quoted language, which appears in Rule G(2)(f), is a codification of the Fourth Circuit's decision in *United States v. Mondragon*, 313 F.3d 862 (4th Cir. 2002), which established the standard for filing a civil forfeiture complaint under the predecessor to Rule G. *See United States v. $36,110.00 in U.S. Currency*, 2009 WL 692830, *4 (D.S.C. Mar. 12, 2009) (the "reasonable belief" standard in Rule G(2)(f) carries forward the standard for the sufficiency of a complaint under Rule E(2)(a) as interpreted by *Mondragon*); *United States v. $79,650 Seized from . . . Afework*, 2009 WL 331294, *3 (E.D. Va. Feb. 9, 2009) (to withstand a motion to dismiss, the complaint need only satisfy Rule G(2)(f), which carriers forward the "reasonable belief" standard from *Mondragon*).

Accordingly, a complaint is sufficient, and a motion to dismiss the complaint must be denied, if the complaint satisfies the "reasonable belief" standard in Rule G(2)(f). *See United*

*States v. $74,500 in U.S. Currency*, 2011 WL 2712604, *2 (D. Md. July 11, 2011). As the court said in *$74,500*, the Government does not have to prove its case just to get in the courthouse door; it need only show that the facts set forth in the complaint as sufficient to create a *reasonable belief* that the Government will be able to meet its burden of proof *at trial*. *Id.* (emphasis added). *See also* Rule G(8)(b)(ii) ("the complaint may not be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property").

Contrary to Claimant's argument, the Rule 12(b)(6) plausibility pleading standard set forth in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) does not apply in civil forfeiture cases. Civil asset forfeiture proceedings are governed by both the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure. *United States v. $263,327.95,* 936 F. Supp.2d 468 (D.N.J. 2013), *citing United States v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 149 (3d Cir.2003). The Civil Rules, however, apply to *in rem* proceedings only to the extent that they are not inconsistent with the Supplemental Rules. Supp.R. A(2).

Supplemental Rule R. G(8)(b)(i) provides that a claimant who establishes standing to contest forfeiture may move to dismiss the action under Fed.R.Civ.P. 12(b). However, Supp.R.G(2) provides the reasonable belief standard against which the sufficiency of a forfeiture complaint must be measured. Grafting Civil Rule 12(b)'s plausibility standard onto Supp.R. G(2) would be inconsistent with the framework of Supp,R. G(2). Therefore, the plausibility standard does not apply to civil *in rem* complaints. *See United States v. $263,327.95,* 936 F. Supp.2d 468 (D.N.J. 2013) *and United States v. $22,173.00 in U.S. Currency,* No. 09–7386, 2010 WL 1328953, at *2 (S.D.N.Y. Apr. 5, 2010). *See also $134,972.34 Seized from FNB Bank,* 94 F.

Supp.3d 1224, 1229 (N.D. Ala. 2015) (Because Supplemental Rule G(2) governs the pleading standard for civil asset forfeiture cases, rather than Federal Rule of Civil procedure 8, the standard enunciated and clarified in *Twombly* and *Iqbal* does not govern the sufficiency of such complaints) *and United States v. Real Property Known as . . . 19211 Grey Bluff Cove,* 2016 WL 1255742, *2 (W.D. Tex. Mar. 29, 2016) (the pleading standard in Rule G(2) is higher than the standard under Rule 12(6), so if the complaint satisfies the former, it satisfies the latter);.

The United States' ultimate burden of proof in a civil forfeiture action is to establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); *United States v. Lot Number 1 of Lavaland Annex*, 256 F.3d 949, 956 (10th Cir. 2001). In a forfeiture brought under 21 U.S.C. § 881(a)(6), the government bears the burden to prove by a preponderance of the evidence that the currency at issue constituted the proceeds of drug offenses or was used or intended to be used to facilitate a drug offense. *United States v. U.S. Currency Totaling $101,207.00*, No. CV 101-162, 2007 WL 4106262, at *5 (S.D. Ga. Nov. 16, 2007).

At the pleading stage, however, the Government does not have to set forth all of its evidence, or even enough evidence to show that it will prevail; it is sufficient to show that, following discovery, it is reasonable to believe that the Government will be able to meet its burden of proof. If the Government had to have sufficient evidence at the time it filed its complaint to prevail on the merits at trial, the provision the statutory provision, 18 U.S.C. § 983(a)(3)(D), permitting the Government to rely on evidence gathered after the filing of the complaint would be meaningless. *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1193 (9th Cir. 2004). "It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading,

and to undertake an adequate investigation." *United States v. $506,069.09 Seized From First Merit Bank*, 664 F. App'x 422, 434 (6th Cir. 2016), *cert. denied sub nom. Akhtar-Zaidi v. United States*, 137 S. Ct. 2249 (2017) (citation omitted). In addition, a complaint need only "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.*

When claimant moves to dismiss a complaint under Rule G(8)(b), the court must treat all facts alleged in the complaint as true and construe them in the light most favorable to the Government. *United States v. $22,800.00 in U.S Currency*, 2018 WL 3738962 (C.D. Cal. Jul. 25, 2018). The facts alleged in the Complaint are sufficient to support a reasonable belief that the Government will be able to establish at trial that the seized currency is subject to forfeiture per 21 U.S.C. § 881(a)(6).

Padilla mischaracterizes the government's complaint as being limited to the following allegations: "Mr. Padilla has been arrested and charged with violations of the Controlled Substances Act and some of Mr. Padilla's money was seized." (Padilla mot. at p. 4).

The complaint explains that agents executed federal search and seizure warrants. On August 15, 2019, agents executed a warrant on the hotel room registered to and occupied by Sharlett Martinez. She had $9,950 in currency in her purse. She said Padilla had given the money to her. Contrary to Padilla's assertions, the complaint does not allege that he "owned" the currency. (See Doc. 3 at p. 9). Padilla had been indicted for drug trafficking crimes.

Moreover, a canine trained and certified to detect the odor of illegal controlled substances alerted positively to the $9,950 in currency. Courts have recognized the highly probative value of a properly trained drug detection canine's alert to cash. *See, e.g., United States v. $30,670 in U.S. Funds*, 403 F.3d 448, 462 (7th Cir. 2005); *United States v. $22,474 in U.S. Currency*, 246 F.3d

1212, 1216 (9th Cir. 2001). The demonstrated reliability of a particular dog is sufficient to establish the probative value of that dog's alert to the seized property or its container. *See United States v. $21,175.00 in U.S. Currency*, 521 Fed. Appx. 734, 740 (11th Cir. 2013).

Padilla may assert, as he did in his answer (Doc. 4, ¶ 10), that the drug canine's alert to currency lacks probative value because all currency is contaminated with trace amounts of narcotics. The burden is on claimant to offer evidence in support of his "contamination theory" on the merits. *Id., see also United States v. $65,020 U.S. Currency*, 2018 WL 5635109, *3 n.3 (D.N.M. Oct. 31, 2018) (collecting cases rejecting the contaminated currency theory). A contaminated currency theory is of no moment in determining whether the complaint satisfies the reasonable belief standard.

With regard to the $1,243 in currency agents found in the console of a Yukon XL registered to Padilla and parked at his residence, Claimant ignores the complaint's allegation that Padilla had used the Yukon in March and April 2019 to facilitate distribution of multiple illegal controlled substances. Concealed currency in a vehicle used to facilitate drug trafficking crimes is evidence that the currency constitutes drug proceeds or facilitated illegal drug trafficking. Such evidence supports a reasonable belief that the Government will be able to meet its burden of proof at trial. As noted in the introduction to this response, the fact that a drug odor detection canine alerted positively to the $1,243 in currency was inadvertently omitted from the complaint. However, the complaint does allege that the canine alerted positively to $2,000 in currency found in a 2008 Nissan also parked at Padilla's residence. This alert is probative evidence of the connection between currency found in vehicles parked at Padilla's residence and illegal drug trafficking.

Claimant seems to assert that the complaint is insufficient because it does not identify specific drug transactions connected to the money. (Doc. 3 at p.9). Proof of a specific transaction is not required at the pleading stage or on the merits. In a forfeiture action, the court examines the totality of the facts to determine whether the United States has met its burden under the statute. *See United States v. $252,300.00 in U.S. Currency*, 484 F.3d 1271, 1274-75 (10th Cir. 2007) (quantity of currency, packaging with rubber bands in plastic bags, inconsistent statements and lack of documentary support for explanation, and odor of marijuana establish forfeitability); "Even where "no particular circumstance is conclusive, "it is the 'aggregate' of the facts" that is examined.  A court gives weight to the inferences the law enforcement agent draws from the facts as the Supreme Court has instructed." *United States v. $242,484*, 389 F.3d 1149, 1160 (11th Cir. 2004) (*en banc*); *see Ornelas v. United States*, 517 U.S. 690-99 (1996).  The presence or absence of any single factor is not dispositive. *See United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 876-877 (10th Cir.1992).  *United States v. $242,484*, 389 F.3d at 1160. The government need not trace the property to a specific drug transaction but must demonstrate only that the property more likely than not was related to some illegal drug transaction.  *Id.*

Dismissal of a complaint for failure to state a claim is generally without prejudice. *See, e.g.*, *United States v. Sum of $70,990,605*, 4 F.Supp.3d 189, 195 n.1, (D.D.C. 2014). Accordingly, if the Court determines that the complaint does not meet the reasonable belief standard, it would be appropriate to dismiss the complaint without prejudice. Moreover, the court may allow the Government to amend the complaint to cure a defect that might otherwise require the court to grant a motion to dismiss under Rule G(8)(b). *See United States v. $24,290.00 in U.S. Currency*, 2018 WL 6436435 (N.D. Tex. Dec. 6, 2018) (amendments to complaints are routine; Government allowed to amend complaint to allege facts that support its invoking the fungible

property statute, § 984); *United States v. Approximately $77,000.00 in U.S. Currency*, 2013 WL 6842889 (E.D. Cal. Dec. 20, 2013) (permitting the Government to amend its complaint under Rule 15 to add a verification page; the amendment relates back to the original filing date for purposes of complying with the 90-day CAFRA deadline); *and United States v. Item 1: A 1990 Jeep Cherokee*, 147 Fed. Appx. 775, 778 (10th Cir. 2005) (district court did not err in allowing Government to amend civil forfeiture complaint to include additional theory of forfeiture—i.e., that property is forfeitable under section 981(a)(1)(B) as proceeds of a foreign drug offense; such amendments should be freely allowed).

### V.     CONCLUSION

Claimant lacks statutory standing to contest this forfeiture action and the complaint states a claim for relief. Accordingly, his motion to dismiss the complaint should be denied in all respects. In the alternative, the United States should be permitted to amend the complaint.

Respectfully Submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 8-5-2020*

STEPHEN R. KOTZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.


\_\_\_\_/s/_____
STEPHEN R. KOTZ
Assistant U.S. Attorney