IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$9,950.00 IN UNITED STATES CURRENCY,<br>$2,000.00 IN UNITED STATES CURRENCY, AND<br>$1,243.00 IN UNITED STATES CURRENCY,<br><br>Defendants-in-rem. | Case No. 1:20-CV-0454-SWS-MLC |

**ORDER ON MOTION TO DISMISS COMPLAINT AND
MOTION TO STRIKE ANSWER**

This matter comes before the Court on Claimant Robert Padilla's *Motion to Dismiss Verified Complaint for Forfeiture In Rem* (ECF No. 3) and the *United States' Motion to Strike Answer* (ECF No. 6). The Court, having reviewed the briefs and materials filed in support of the respective motions and responses thereto, and being otherwise fully advised, FINDS Mr. Padilla lacks statutory standing to answer or move to dismiss the Complaint.

## BACKGROUND

1. On May 12, 2020, the United States filed a Verified Complaint for Forfeiture *In Rem*, seeking to forfeit and condemn property allegedly involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

(ECF No. 1.) The defendant *in rem* moneys were separately seized by the Drug Enforcement Administration ("DEA") in August of 2019 in the District of New Mexico. (Compl. ¶¶ 2-3.)

2. On August 15, 2019, DEA agents executed a search and seizure warrant at a Best Western hotel, Room 310-A in Las Vegas, New Mexico. *Id.* ¶ 7. Room 310-A was registered in the name of Sharlett M. Martinez. *Id.* ¶ 8. During the search, the agents discovered $9,950 in Ms. Martinez's purse, which she told the agents was given to her by Robert Corbin Padilla. *Id.* ¶¶ 8-9. Robert Padilla had been indicted on drug trafficking charges. *Id.* ¶ 9. An agent deployed a canine trained and certified to detect the odor of illegal controlled substances – the canine alerted positively to the $9,950 in currency. *Id.* ¶ 10.

3. On August 12, 2019, DEA agents, with the assistance of the Albuquerque Police Department, executed a search and seizure warrant at 8407 San Juan Road NE, Albuquerque, New Mexico, the residence of Robert Corbin Padilla. *Id.* ¶ 11. The officers removed a black 2008 GMC Yukon, registered to Robert Padilla, from the public roadway in front of the residence and transported the vehicle to the DEA Albuquerque Office for further inspection. *Id.* In it, agents discovered a large bundle of U.S. currency in the center console, totaling $1,243. *Id.* Robert Padilla allegedly used this vehicle on March 30 and April 10, 2019, to facilitate the distribution of multiple controlled substances. *Id.*

4. On August 15, 2019, during execution of federal search and seizure warrants at Mr. Padilla's San Juan Road address and at 8411 San Juan Road NE, Albuquerque, a white 2008 Nissan Armada was parked at Mr. Padilla's residence. *Id.* ¶ 12. Upon searching

the Nissan Armada, agents discovered a large bundle of U.S. currency inside the center console, totaling $2,000. *Id.* A review of the New Mexico Motor Division records revealed three registered owners of the 2008 White Nissan Armada – Robert Padilla was not one of them. *Id.* A drug canine alerted positively to the $2,000 in currency. *Id.* ¶ 13.

5. On June 11, 2020, the United States sent notice to Robert Padilla that it had filed a complaint for forfeiture against the defendant moneys, enclosing the Verified Complaint for Forfeiture *in Rem* and Notice of Complaint for Forfeiture Against Property. (*See* Gov't Exs. 1 & 2, ECF Nos. 6-1, 6-2.) The letter advised:

> By receipt of this letter, you are given actual notice of the forfeiture proceedings of the Defendant Property referred to in the complaint. If you wish to contest a forfeiture case, you must file a verified claim to the property within **35 days** of service of the complaint. The claim must be signed by the claimant under penalty of perjury and must identify the particular property or properties in which the claimant claims a legal right, title or interest. In addition, serve and file an answer to the complaint within **21 days** after filing the claim. Your claim and answer must be filed under the above case name and number in the United States District Court for the District of New Mexico, Clerk of the Court at 333 Lomas Blvd., N.W., Albuquerque, NM 87102, with a copy mailed to me. If you do not file the appropriate pleadings, I will request a default judgment.

*Id.* (emphasis in original). The Notice of Complaint advised the verified claim must be filed pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. (*See* Gov't Ex. 2.) The Notice further stated:

> Supplemental Rule G(5) provides in pertinent part: "The claim **must**: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on Assistant United States Attorney, [Stephen R. Kotz], designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)."

*Id.* (emphasis in original). The notice was received by the detention center where Mr. Padilla was being held on June 15, 2020. (*See* Gov't Ex. 1.)

6. On July 22, 2020, Mr. Padilla, through his attorney, filed both a *Motion to Dismiss Verified Complaint* (ECF No. 3) and an *Answer* (ECF No. 4). In his motion, Padilla argues the Verified Complaint fails to state a claim upon which relief can be granted. In his unsworn Answer, Padilla denies ownership of the defendant $2,000 in currency, and further denies the moneys had anything to do with the drug charges against him or any drug trafficking activity. (Answer ¶¶ 1, 9, 11, 16.)

7. In both its response to Padilla's motion to dismiss and its *Motion to Strike*, the United States argues Mr. Padilla lacks statutory standing to contest the forfeiture. The United States also contends the complaint sets forth a sufficient legal and factual basis for the relief sought.

## DISCUSSION

To establish statutory standing in the context of a civil forfeiture action, a claimant must comply with the procedural requirements of Supplemental Rule G(5). *See United States v. $148,840 in U.S. Currency*, 521 F.3d 1268, 1273 n.3 (10th Cir. 2008) (citing *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n. 9 (3d Cir. 2003)); *United States v. $20,000.00 in U.S. Currency*, 350 F.Supp.3d 1148, 1155 (D.N.M. 2018) ("To establish statutory standing, a claimant must comply with Supplemental Rule G(5)'s pleading requirements."). "Supplemental Rule G(5) states that, to assert their claim in a civil forfeiture action, claimants must file both a verified claim, and an answer to the United States' complaint." 350 F.Supp.3d at 1155. Rule G(5) states in pertinent part:

> **(a) Filing a Claim.**
>   (i) A person who asserts an interest in the defendant property may contest the forfeiture *by filing a claim in the court where the action is pending*. The claim must:
>     (A) identify the specific property claimed;
>     (B) identify the claimant and state the claimant's interest in the property;
>     (C) be signed by the claimant under penalty of perjury; and
>     (D) be served on the government attorney . . . .
>       * * *
> **(b) Answer.** A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days *after filing the claim*. . . .

(Italicized emphasis added.) Courts have required strict compliance with Supplemental Rule G(5)'s provisions. *See $20,000.00 in U.S. Currency*, 350 F.Supp.3d at 1157 (listing cases); *United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 820 (11th Cir. 2009) ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."). Furthermore, a claimant may not move to dismiss a forfeiture action until first establishing standing. Supplemental Rule G(8)(b)(i) ("A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b).").

Mr. Padilla failed to file the required claim despite having notice of the specific requirements of Supplemental Rule G(5) and ample opportunity to timely file the required pleading. In response to the United States' motion to strike his answer, Mr. Padilla filed a "Notice of Verified Claim Submitted to the Government on February 12, 2020" (ECF No. 7), arguing that his verified claim to the DEA meets the "purpose of the rule" requiring a claim be subject to the penalty for perjury. However, Supplemental Rule G(5) expressly requires a claim be filed "in the court where the action is pending" in response to the filing

of a verified complaint. "Filing a notice with the DEA in response to a notice filed by that agency, however, is insufficient to satisfy standing in district court under the plain terms of Supplemental Rule G(5)." *United States v. Conolly*, 694 F. App'x 10, 13 (2d Cir. 2017).

Because Mr. Padilla failed to file the claim required by Supplemental Rule G(5), he lacks statutory standing. Accordingly, Mr. Padilla's answer must be stricken and his motion to dismiss denied. THEREFORE, it is hereby

ORDERED that the *United States' Motion to Strike Answer* (ECF No. 6) is GRANTED, and Mr. Padilla's *Motion to Dismiss Verified Complaint for Forfeiture In Rem* (ECF No. 3) is DENIED.

Dated this 6th day of November, 2020.

Scott W. Skavdahl
United States District Judge